L.J.K. has filed an application for rehearing requesting that we set aside our judgment entered in our opinion issued on December 23, 2005, affirming his convictions for three counts of sexual abuse in the first degree, violations of § 13A-6-66(a)(3), Ala. Code 1975, and two counts of sodomy in the first degree, violations of § 13A-6-63(a)(3), Ala. Code 1975, and his resulting sentences of 10 years' imprisonment for each of the sexual-abuse convictions and life imprisonment for each of the sodomy convictions.
In his brief on rehearing, L.J.K. argues, among other things, that this Court's holding on original submission regarding the trial court's overruling of his hearsay objection to the testimony of two witnesses regarding statements made by two of his victims was erroneous. This Court held that the trial court's ruling was proper because at the time the ruling was made the prosecutor had indicated that he was planning to call the victims to testify and the Confrontation Clause of the Sixth Amendment to the United States Constitution does not bar admission of testimonial hearsay statements when the hearsay declarant testifies. Citing Ex parte B.B.S., 647 So.2d 709 (Ala. 1994), L.J.K. argues that the Confrontation Clause bars admission of any hearsay statements that do not possess particularized guarantees of trustworthiness, regardless of whether the hearsay declarant testifies, and that thus our holding to the contrary conflicts with Ex parte B.B.S.
In Ex parte B.B.S., the Alabama Supreme Court construed the Child Physical and Sexual Abuse Victim Protection Act of 1989, §15-25-30 et seq., Ala. Code 1975, and held that the "trustworthiness" requirement for admissibility of a child victim's out-of-court statement contained in § 15-25-32(2)b., applied regardless of whether the child victim testified at trial. In so holding, the Court recognized that in enacting the Child Physical and Sexual Abuse Victim Protection Act the legislature based the admissibility requirements of an out-of-court statement on the framework established in Ohio v.Roberts, 448 U.S. 56 (1980), for the admissibility of out-of-court statements under the Confrontation Clause — that the hearsay declarant be unavailable to testify and that the hearsay statement bear an adequate indicia of reliability. The Court stated:
 "It thus appears that the legislature was attempting to follow the Ohio v. Roberts[, 448 U.S. 56
(1980),] formulation. Ohio v. Roberts and Idaho v. Wright[, 497 U.S. 805 (1990),] appear to require `indicia of reliability' only where the declarant is unavailable to testify. However, in both cases the declarant was unavailable, and it may be that the Court was assuming that if the declarant is available, the evidence will be offered directly through the declarant and not as hearsay.
 "Although the question is not without difficulty, we think the Confrontation Clause, U.S. Const. amend. VI, requires that hearsay testimony should not be admitted without indicia of reliability, even if the declarant testifies. The hearsay allowed under the [Child Physical and Sexual Abuse Victim Protection] Act is not allowed because it has an inherent trustworthiness, but because of the difficulties presented by testimony of children of tender years. Without the `trustworthiness' requirement, the Act, if it were construed as codified, would allow rampant hearsay of dubious probative value simply because the child has testified. Thus, we hold that the `trustworthiness' requirement applies to hearsay statements whether the child testifies or not; that is, it should have been codified as § 15-25-32(3), corresponding to the way the legislature enacted the provision."
647 So.2d at 714-15 (second emphasis added; footnote omitted).
We recognize that we are bound by the decisions of the Alabama Supreme Court and that we cannot overrule the decisions of that Court. See § 12-3-16, Ala. Code 1975 (providing that "[t]he decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328"). However, we are also obliged to follow the decisions of the United States Supreme Court interpreting the United States Constitution. As the Alabama Supreme Court explained in Ex parte Harris, 387 So.2d 868
(Ala. 1980):
 "The opinion of the Court of Criminal Appeals, on rehearing with one judge concurring in the result, stated that
 "`We have no authority to modify or change any Alabama Supreme Court opinion by declaring the law to be obsolete pursuant to a decision of the Supreme Court of the United States if such be the case.'
 "We are not completely sure just what this statement means. We would observe, however, that the Court of Criminal Appeals has `exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.' Code 1975 § 12-3-9. Under our appellate system criminal cases which are appealed reach that Court first. Indeed every Court in this State is obliged to apply the decisions of the United States Supreme Court interpreting the United States Constitution. The only exception which comes readily to mind is where this Court has previously interpreted a United States Supreme Court decision contrary to the interpretation the Court of Criminal Appeals has seen fit to give the decision."
387 So.2d at 871.
The United States Supreme Court in Crawford v. Washington,541 U.S. 36 (2004), specifically abrogated the unavailability/reliability analysis of Ohio v. Roberts upon which the Alabama Supreme Court relied in Ex parte B.B.S.
Reliability of an out-of-court statement is no longer a factor to be considered in conducting a Confrontation Clause analysis See, e.g., T.P. v. State, 911 So.2d 1117, 1123 (Ala.Crim.App. 2004) ("Unfortunately, the decision in Crawford v. Washington[,541 U.S. 36 (2004),] renders the Legislature's attempt to satisfy the Ohio v. Roberts standard superfluous."). In addition, the Alabama Supreme Court has not yet had an opportunity to interpretCrawford. Therefore, this Court is not bound to follow Exparte B.B.S. but instead is obligated to follow the United States Supreme Court's opinion in Crawford, in which that Court specifically stated that the Confrontation Clause "does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." 541 U.S. at 59 n. 9. Based on the clear statement in Crawford, our holding that the trial court's overruling of L.J.K.'s objection was proper at the time it was made was correct.
Accordingly, L.J.K.'s application for rehearing is overruled.
APPLICATION OVERRULED.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur. Baschab, J., concurs in the result.